IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:93-cr-00121-WSD-6 |
| LEROY NOLAN, | 1:94-cr-00070-WSD-1 |
| **Defendant.** | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Reduction of Sentence Pursuant to Amendment 782 to the United States Sentencing Guidelines [No. 93-CR-121 at 279] and his Supplement to Motion for Reduction of Sentence Pursuant to Amendment 782 to the United States Sentencing Guidelines [No. 93-CR-121 at 283; No. 94-CR-070 at 80] (collectively, the "Reduction Motion").

**I.   BACKGROUND**

On March 15, 1994, a jury in Case No. 93-CR-121, found Defendant guilty of conspiring to possess with intent to distribute mixtures containing heroin, cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 and 846.  On May 12, 1994, a jury in Case No. 94-CR-070, found Defendant guilty of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g).  At

Defendant's July 5, 1994, combined sentencing hearing in these two cases, Defendant's guidelines calculation was as follows:

| COURT'S ORIGINAL GUIDELINE FINDINGS (2 kg heroin) | |
|---|---|
| BOL | 32 |
| SOC (Firearm) | +2 |
| ROLE | +4 |
| OBS | 0 |
| Adjusted Offense Level | 38 |
| ACC | 0 |
| TOL | 38 |
| CHC | V |
| CGR | 360 to LIFE |

Defendant was sentenced to life imprisonment. Defendant now seeks a reduction in his sentence.

## II.   DISCUSSION

Defendant's Reduction Motion seeks retroactive application of Amendment 782, which went into effect on November 1, 2014. The Amendment lowers the recommended penalty for various drug offenses by reducing, by two levels, each of the U.S.S.G.§ 2B1.1 drug table offense levels. Amendment 788 of

the Sentencing Guidelines allows for the Amendment 782 offense level reductions to be applied retroactively.  The parties agree that if Amendment 782 is retroactively applied, Defendant's revised guidelines recommendation would be:

| POST-AMENDMENT GUIDELINE COMPUTATION (Same) | |
|---|---|
| BOL | 30 |
| SOC (Firearm) | +2 |
| ROLE | +4 |
| OBS | 0 |
| Adjusted Offense Level | 36 |
| ACC | 0 |
| TOL | 36 |
| CHC | V |
| CGR | 292 to 365 |

Defendant argues that he is now 64 years old, has not received any disciplinary reports in prison for "violent behavior," has had no disciplinary reports "in the past nine years," has "availed himself of opportunities for self-improvement classes, and has regularly worked within the institution" to which he has been assigned.  He seeks to be resentenced to a period of incarceration in the middle of his revised guidelines range.

The Government opposes the motion.  It argues that in applying the two-step process for evaluating whether to grant a motion for retroactive application of a guidelines amendment discussed in Dillon v. United States, 560 U.S. 817 (2010), the Court should not exercise its discretion to grant a sentencing reduction even though Defendant may be entitled to retroactive application of Amendment 782.  The Government urges Defendant's motion be denied because the 18 U.S.C. § 3553(a) factors, when applied, weigh against a reduced sentence.  See United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).  The Government urges further that the Guidelines require the Court to consider "the nature and seriousness of the danger to any person or the community that may be imposed by a reduction in defendant's term of imprisonment."  See U.S.S.G. § 1B1.10, comment n. i(b)(ii).  The Government argues that Defendant's history supports a sustained reputation for violence, including his 1969 conviction for manslaughter, the shooting of the victim of a grocery store robbery and his conviction of and life sentences for the murder and robbery, his escape from prison while serving these life sentences, his fourteen (14) arrests while free after his escape, and his decision to engage in drug trafficking after his release from state prison in about 1992.

    The Court has considered the information provided by Defendant and his counsel in support of the Reduction Motion and has weighed it against the

evidence of Defendant's inability to conform his conduct to that expected by the community. While there is evidence that his conduct in prison has been compliant for several years, how he will conduct himself when released is, based on his conduct record, uncertain. His willingness in the past to harm others is especially troubling.

The Court, however, recognizes that Amendment 782, had it been in place when Defendant initially was sentenced, provides a different guidelines range than the one calculated at his sentencing. The Guidelines have the important goal of promoting uniformity and fairness in sentencing, a goal that is worthwhile in our national criminal justice system. The conduct of Defendant, described by the Government, is not sufficient for the Court to upwardly depart. It does, however, impact where within the Guidelines Defendant should be sentenced. In view of the nature of Defendant's conduct, the Court concludes that Defendant's sentence should be reduced to 365 months, a sentence within the calculated guidelines range, as revised by Amendment 782, and which takes into account Defendant's past conduct, including that his conduct has not resulted in disciplinary actions in prison in the past several years.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reduction of Sentence Pursuant to Amendment 782 to the United States Sentencing Guidelines [No. 93-CR-121 at 279] and his Supplement to Motion for Reduction of Sentence Pursuant to Amendment 782 to the United States Sentencing Guidelines [No. 93-CR-121 at 283; No. 94-CR-070 at 80] are **GRANTED**.  Defendant's custodial sentence is reduced to 365 months.

**SO ORDERED** this 18th day of July, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE